

**U.S. Department of Justice**
*S. Amanda Marshall*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Suite 600     (503) 727-1000*
*Portland, OR 97204-2902         Fax (503) 727-1117*

April 27, 2015

David M. Zornow, Esq.
Christopher J. Gunther, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 1003

Re:   ***United States v. George R. Levey,*** **Case No. 3:14-CR-201-HZ**
      **Plea Agreement Letter**

Dear Counsel:

1.  **Parties/Scope:**   This plea agreement is between this United States Attorney's Office for the District of Oregon (USAO or government), and defendant George Levey. This plea agreement does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.

2.  **Charges:**   The defendant agrees to plead guilty to the single Count in the Information charging him with Honest Services Wire Fraud, in violation of 18 U.S.C. § 1342 and 1346.

3.  **Elements:**   In order for the defendant to be found guilty, the government must prove the following elements beyond a reasonable doubt:

    (A)   The defendant devised a scheme or artifice to defraud and to deprive the City of Portland, Oregon, of the intangible right of honest services of Ellis K. McCoy;

    (B)   Ellis K. McCoy had a fiduciary duty to the citizens of the City of Portland, Oregon;

    (C)   The scheme or artifice to defraud and to deprive the City of Portland, Oregon, of the intangible right of honest services of Ellis K. McCoy involved the payment of bribes to Ellis K. McCoy;

    (D)   The scheme or artifice to defraud and to deprive the City of Portland, Oregon, of the intangible right of honest services of Ellis K. McCoy involved material misrepresentations and/or omissions of material facts;

    (E)   The defendant acted with the intent to defraud, that is, with the intent to deceive for the purpose of depriving the citizens of Portland, Oregon, of the honest services of Ellis K.

Plea Agreement Letter for defendant George Levey
Page 2

McCoy.

4. **Penalties**:   The maximum sentence is twenty (20) years imprisonment, a fine of $250,000 and three (3) years of supervised release.   Conviction requires payment of a $100 fee assessment.

   The defendant agrees to pay the $100 fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

5. **Factual Admissions**:   The defendant admits that the following is an accurate, though non-exhaustive, statement of the offense conduct with respect to Count One of the Information:

   During the time period alleged in Count One, defendant GEORGE R. LEVEY was either an executive for Schlumberger Industries, Inc. or the owner and president of Cale Parking Systems, USA, Inc.   Schlumberger Industries, Inc. and Cale Parking Systems, USA, Inc. conducted business with the City of Portland in connection with the City of Portland's smart parking meter program.   In conducting such business, defendant LEVEY signed contracts with the City of Portland in which he affirmed no City of Portland employee would  financially benefit from the business relationship between Schlumberger Industries / Cale Parking Systems and the City of Portland.

   Ellis K. McCoy was employed as the Transportation Division Manager – Parking Operations, Portland Bureau of Transportation, in Portland, Oregon.   McCoy was the City of Portland employee primarily responsible for the day-to-day operation of the City of Portland's smart parking meter program.   In this position, McCoy had a fiduciary duty to the citizens of the City of Portland, Oregon.

   From approximately January 2002 through July 2011, defendant GEORGE R. LEVEY devised a scheme or artifice to defraud and to deprive the City of Portland, Oregon, of the intangible right of honest services of Ellis K. McCoy by paying bribes to Ellis K. McCoy intending to influence Ellis K. McCoy in connection with the business of, and the transactions of, the City of Portland's Bureau of Transportation.   To effectuate the scheme, defendant LEVEY transmitted wire communications in interstate commerce, principally e-mail communications to Ellis K. McCoy and to the employees of Schlumberger Industries and Cale Parking Systems.

   Beginning in 2002 and continuing to July 2011, defendant GEORGE R. LEVEY bribed Ellis K. McCoy by: paying some or all of the travel, lodging, meals, and greens fee expenses associated with golf trips defendant Ellis K. McCoy took to golfing destinations; paying some or all of the travel, lodging, meals, adult entertainment, and other expenses associated with gambling trips Ellis K. McCoy took to casinos, including casinos located in Las Vegas, Nevada; paying some or all of the meals, adult entertainment, and other entertainment expenses associated with Ellis K. McCoy attending parking industry conventions or conferences; paying for some or all of the travel, lodging, and meals expenses associated with vacation trips by Ellis K. McCoy; using a consulting company

Plea Agreement Letter for defendant George Levey
Page 3

owned and operated by a former employee as a conduit for bribe payments characterized as consulting fees to Ellis K. McCoy; and disguising $56,675 in bribe payments as consulting fees paid to EKM Consulting, an entity McCoy created to conceal the true nature of the bribe payments.

From June 2008 through July 2011, defendant GEORGE R. LEVEY maintained a spreadsheet on which he tracked the number of smart parking meters defendant LEVEY's company installed in Portland, Oregon, Hood River, Oregon, and in three cities in the state of Washington, and multiplied the total number of smart parking meters installed by $100 per meter, intending to pay the resulting amount – $137,100 – to Ellis K. McCoy when McCoy ended his employment with the City of Portland.   Defendant LEVEY communicated to McCoy in e-mails that defendant LEVEY intended to pay this amount to McCoy.   **[The government and the defendant agree that the inclusion of this paragraph in the Factual Admissions section of this Plea Agreement does not constitute the defendant's agreement that the $137,100 was a bribe and can be used to calculate the defendant's sentencing guideline range and further agree the defendant can, as set out in paragraph 6(B), below, oppose the use of the $137,100 to calculate the defendant's sentencing guideline range.]**

It was part of the scheme to defraud that defendant GEORGE R. LEVEY made bribe payments to Ellis K. McCoy in return for McCoy, acting in his official capacity as a Manager in the Portland Bureau of Transportation: 1) speaking favorably about the products and services of defendant LEVEY's companies to public employees in cities other than Portland involved in the decision about which companies to use to supply products and services relating to smart parking meters; and 2) disclosing to defendant LEVEY information that would assist defendant LEVEY's companies in securing contracts to install smart parking meters in cities other than Portland, Oregon, that McCoy had learned during conversations with public employees in these other cities.

It was further part of the scheme to defraud that defendant GEORGE R. LEVEY made bribe payments to Ellis K. McCoy so that McCoy, acting in his official capacity as a Manager in the Portland Bureau of Transportation, would assist LEVEY's companies in securing and retaining contracts and contract expansions with the City of Portland.   Such assistance from McCoy took the form of, among other actions: 1) McCoy providing advice to defendant LEVEY concerning the drafting of contract proposals to be submitted to the City of Portland; 2) McCoy participating in the drafting and submitting of reports and recommendations to the Portland City Council concerning city action in awarding contracts to defendant LEVEY's companies; 3) McCoy disclosing to defendant LEVEY internal deliberations of the Portland City Council and of the Portland Bureau of Transportation; and 4) McCoy testifying before the Portland City Council in favor of awarding contracts and contract expansions to defendant LEVEY's companies.

Plea Agreement Letter for defendant George Levey
Page 4

6. **Sentencing Factors**:  The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a).  Where the parties agree that sentencing factors apply,  such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **Bribe Amount**:  (A)   The defendant and the government agree that pursuant to USSG § 2C1.1(b)(2) and 2B1.1(b)(1), the $56,675 the defendant paid to Ellis K. McCoy in the form of fictitious consulting services and $10,131 in the form of checks and cash from the defendant to McCoy constitute bribes.

   (B)   The defendant understands and agrees that the government will request that the Probation Office and the Court include in the total bribe amount to be used to calculate the defendant's sentencing guideline range the $137,100 the defendant tracked on a spreadsheet and intended to pay Ellis K. McCoy after McCoy ended his employment with the City of Portland.   The government agrees the defendant can contest the inclusion of the $137,100 in the total bribe amount to be used to calculate the defendant's sentencing guideline range.

8. **Advisory Guideline Calculation**: The parties agree that the following advisory guideline calculation applies to Counts One:

   Base offense level [USSG § 2C1.1(a)(2)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
   More than one bribe [USSG § 2C1.1(b)(1)] . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

   If bribe amount of $66,806 [2B1.1(b)(1)(D)] . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6
   If bribe amount of $203,808 [2B1.1(b)(1)(G)] . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

9. **Acceptance of Responsibility**:  The defendant must demonstrate to the Court he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case.   If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if the defendant's offense level is less than 16).   The USAO reserves the right to change this recommendation if the defendant, between guilty plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

10. **Government Sentencing Recommendation**:  The government agrees to request a term of imprisonment at the low end of the applicable guideline range.

11. **Waiver of Appeal/Post-Conviction Relief**:   The defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range.   Should the defendant seek an appeal despite this waiver, the USAO may take any position on any issue on appeal.   The defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

12. **Full Disclosure/Reservation of Rights**:   The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case.   Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the other party.

13. **Breach of Plea Agreement**:   If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

14. **Memorialization of Agreement**:   No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court.   If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

Sincerely,

S. AMANDA MARSHALL
United States Attorney

SETH D. URAM
Assistant United States Attorney

Plea Agreement Letter for defendant George Levey
Page 6

    I have carefully reviewed every part of this agreement with my attorney.   I understand and voluntarily agree to its terms.   I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

4/29/15
_____
Date

_____
George R. Levey
Defendant

    I represent the defendant as legal counsel.   I have carefully reviewed every part of this agreement with defendant.   To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

4/29/15
_____
Date

_____
Attorney for Defendant

_____
Date

_____
Attorney for Defendant